IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY HONTZAS, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | CV-07-BE-2264-S |
| | ] | |
| GUTHRIE'S INC., et al., | ] | |
| | ] | |
| Defendants. | ] | |
| | ] | |
| | ] | |

**MEMORANDUM OPINION**

This case is before the court on Defendants' motion to dismiss or, in the alternative, motion for more definite statement (doc. 2). For the reasons stated below, the court will GRANT Defendants' motion and DISMISS WITHOUT PREJUDICE all claims against the moving Defendants, with leave for Plaintiff to file an amended complaint within fifteen days.

**I. BACKGROUND**

On December 3, 2003, Congress amended the Fair Credit Reporting Act ("FCRA") by enacting the Fair and Accurate Credit Transaction Act of 2003 ("FACTA"). Among other things, FACTA prohibits merchants from "print[ing] more than the last five digits of the [credit or debit] card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(3). FACTA included a phase-in procedure for compliance, but all retailers were to come into compliance no later than December 4, 2006. The FCRA provides for civil liability for willful failure to comply with FACTA. 15 U.S.C. § 1681n(a). Three types of damages are permitted under the statute: (1) actual damages for negligent and willful violations; (2) statutory damages from $100 to $1000 for each willful

violation, even if the plaintiff suffered no actual damages; and (3) punitive damages for willful violations.  The FCRA also allows recovery of attorneys' fees and costs.  Not surprisingly, FACTA class actions arose in district courts across the country in early 2007.  The target of this FACTA lawsuit is Guthrie's.

Guthrie's is restaurant franchise specializing in fried chicken fingers with numerous locations throughout the South.  On November 12, 2007, Plaintiff Timothy Hontzas purchased food at a Guthrie's restaurant located at 1548 Montclair Road in Birmingham, Alabama.  He paid for his purchase of $2.06 with a credit card; although his electronically printed receipt showed only the last four digits of his credit card number, it showed the expiration date of his credit card allegedly in violation of FACTA.

On November 13, 2007, Plaintiff filed a complaint, individually and on behalf of all similarly situated individuals, in the Circuit Court of Jefferson County, Alabama.  He named as defendants Guthrie's Inc., Guthrie's Holding Company, L.L.C., Guthrie's Fried Chicken, L.L.C., Guthrie's Franchising, Inc., and four fictitious defendants.  He alleged that these Defendants willfully violated FACTA.  He alleged no actual damages, but seeks only statutory damages, costs, and attorneys' fees.  On December 14, 2007, the four named Defendants removed the case to this court, and, on December 19, 2007, they moved to dismiss Plaintiff's complaint or, in the alternative, for a more definite statement.  Defendants argued in that motion that Plaintiff's complaint did not differentiate between the Defendants and that none of the named Defendants operates the Guthrie's on Montclair Road.  The court ordered Plaintiff to show cause in writing why his complaint should not be dismissed for failure to name the proper defendants.  Plaintiff responded on January 23, 2008.

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also* Fed. R. Civ. P. 8(a).  A plaintiff must provide the grounds of his entitlement, but Rule 8 does not require "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Conley*, 355 U.S. at 47).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S. Ct. at 1969.  "[S]tating such a claim requires a complaint with enough factual matter (taken as true) to suggest" the required elements. *Id.* at 1965.  The standard is one of "plausible grounds to infer;" that is, the rule "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Id.*

In evaluating a motion to dismiss, the court assumes that all factual allegations set forth in the complaint are true, *United States v. Gaubert*, 499 U.S. 315, 327 (1991), and construes all factual allegations in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989).  To succeed on a motion to dismiss under Rule 12(b)(6), therefore, a defendant must demonstrate that the plaintiff has failed to give sufficient notice of a proper claim and the grounds upon which that claim rests.

## III.  DISCUSSION

Plaintiff's response to this court's order to show cause is wholly inadequate.  Plaintiff's basic argument is that it is *conceivable* that the four named Defendants "are either among the

parties, or have knowledge of the parties that are properly subject to this suit . . . ." This argument is not only a tacit admission that Plaintiff's complaint does not properly allege facts against each Defendant, but is also based upon Plaintiff's mistaken view of the standard of review. Plaintiff argues that his complaint cannot be dismissed unless Defendants show "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Pl.'s Br. 2, 3) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The Supreme Court, however, has recently held that *Conley*'s "no set of facts" language is "best forgotten." *Twombly*, 127 S. Ct. at 1969. The Supreme Court recognized the danger in applying that language in the very way Plaintiff Hontzas seeks: "On such a focused and literal reading of *Conley*'s 'no set of facts,' a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Id.* at 1968 (addition in *Twombly*). On the contrary, as discussed above, the appropriate standard requires Plaintiff Hontzas to state *any* set of facts consistent with his allegations.

Plaintiff's complaint, however, fails to state *any* set of facts establishing that the named Defendants, separately or severally, willfully violated FACTA and contributed to Plaintiff's injury. Instead, as Defendants point out, Plaintiff simply lumps all four named Defendants together as one and alleges that they violated FACTA by printing an expiration date on his receipt. He makes no factual allegation concerning which, if any, particular Defendant was responsible for the violation at issue or knew of the Montclair Guthrie's noncompliance with FACTA. In his response to the court's show cause order, he inartfully attempts to get around this glaring defect by reminding Defendants and the court that his is a class action complaint, and,

therefore, he may sue *all* members of the Guthrie's corporate family.  Plaintiff's argument only highlights another potential deficiency evidenced by his complaint: standing.

To satisfy Article III standing requirements, a plaintiff must show (1) an injury-in-fact, (2) "fairly traceable" to the defendant's alleged action, and (3) redressable by the judicial process. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  Thus, standing, at its most fundamental level, requires a plaintiff at least to state "general factual allegations of injury *resulting from the defendant's conduct*."  *Bischoff v. Osceola County, Fla.*, 222 F.3d 874, 878 (11th Cir. 2000) (emphasis added).  The complainant bears responsibility "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers."  *Warth v. Seldin*, 422 U.S. 490, 518 (1975).  "That a suit may be class action . . . adds nothing to the question of standing, for even named plaintiffs who represent the class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'"  *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976); *see also Franze v. Equitable Assurance*, 296 F.3d 1250, 1253-54 (11th Cir. 2002) (holding that, without individual standing to raise a legal claim against a specific defendant, a named representative may not raise the claim on behalf of a class); *Bowen v. First Family Fin. Servs., Inc.*, 233 F.3d 1331, 1339 n.6 (11th Cir. 2000) ("The fact that this suit was brought as a class action does not affect the plaintiffs' burden of showing that they individually satisfy the constitutional requirements of standing."), *citing Griffin v. Dugger*, 823 F.2d 1476, 1482-83 (11th Cir. 1987) ("[A] plaintiff cannot include class action allegations in a complaint and expect to be relieved of personally meeting the requirements of constitutional standing, 'even if the

persons described in the class definition would have standing themselves to sue.'") (citation omitted).

Without more detail, the court cannot conclude that the Plaintiff has standing to sue *any or all* of the named Defendants because he has not alleged facts indicating to which Defendant(s) his injury is traceable. If the local franchisee of the Montclair location is responsible, then Plaintiff lacks standing to sue the franchisees of other locations who independently comply with or violate FACTA, and he also could not represent putative class members who ate at those locations. If, on the other hand, responsibility for FACTA violations at the Montclair location lies with the franchisor or some other corporate entity, then that entity is the proper Defendant, and Hontzas may in fact be able to represent customers who ate at other Guthrie's locations controlled by that entity. Again, however, Plaintiff's complaint fails to set forth enough factual detail to determine *which* Defendant -- if any -- is responsible for alleged willful FACTA violations at the Guthrie's on Montclair Road.

The court, therefore, will DISMISS Plaintiff's claims against the moving Defendants, but will give him fifteen days to file an amended complaint that adequately pleads facts to support one or more Defendants' liability for willful FACTA violations at Guthrie's.

## IV.  CONCLUSION

For the reasons set forth above, the court concludes that Plaintiff's complaint fails to adequately plead a cause of action against each named Defendant, as most recently explained in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). The complaint does not give each named Defendant notice of the allegations against it and does not give this court sufficient information to determine Plaintiff's standing under Article III. Consequently, the court will DISMISS WITHOUT PREJUDICE all claims, but grant Plaintiff leave to file an amended

complaint against the proper defendant(s) within fifteen days. The court will enter a separate order consistent with this memorandum opinion.

DATED this 13th day of February, 2008.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE