FILED
2008 Mar-25 PM 03:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TIMOTHY HONTZAS,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **CV-07-BE-2264-S** |
| | ] | |
| **GUTHRIE'S INC., et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |
| | ] | |
| | ] | |

**MEMORANDUM OPINION**

This case is before the court on the "Motion to Dismiss by Defendants Guthrie's Montclair XXV, LLC and Hal Hudson Guthrie" (doc. 9). For the reasons stated below, the court concludes that the moving Defendants' motion is due to be GRANTED. The court, *sua sponte* examining Plaintiff's standing, and thus this court's subject matter jurisdiction, will also dismiss Defendants WSKG Restaurant Investors, LLC and WSKG LLC, neither of whom has yet been served.

## I. BACKGROUND

On December 3, 2003, Congress amended the Fair Credit Reporting Act ("FCRA") by enacting the Fair and Accurate Credit Transaction Act of 2003 ("FACTA"). Among other things, FACTA prohibits any "person that accepts credit cards or debit cards" from "print[ing] more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). FACTA included a phase-in procedure for compliance, but all merchants were to come into compliance no later than December 4, 2006. The FCRA provides for civil liability for willful failure to comply with

FACTA. 15 U.S.C. § 1681n(a). Three types of damages are permitted under the statute: (1) actual damages for negligent and willful violations; (2) statutory damages from $100 to $1000 for each willful violation, even if the plaintiff suffered no actual damages; and (3) punitive damages for willful violations. The FCRA also allows recovery of attorneys' fees and costs. Not surprisingly, FACTA class actions arose in district courts across the country in early 2007. The target of this FACTA lawsuit is Guthrie's.

Guthrie's is a restaurant franchise specializing in fried chicken fingers with numerous locations throughout the South. On November 12, 2007, Plaintiff Timothy Hontzas purchased food at a Guthrie's restaurant located at 1548 Montclair Road in Birmingham, Alabama. He paid for his purchase of $2.06 with a credit card; although his electronically printed receipt showed only the last four digits of his credit card number, it also showed the expiration date of his credit card allegedly in violation of FACTA.

On November 13, 2007, Plaintiff filed a complaint, individually and on behalf of all similarly situated individuals, in the Circuit Court of Jefferson County, Alabama. He named as defendants Guthrie's Inc., Guthrie's Holding Company, L.L.C., Guthrie's Fried Chicken, L.L.C., Guthrie's Franchising, Inc., and four fictitious defendants. He alleged that these defendants willfully violated FACTA. He alleged no actual damages, but sought only statutory damages, costs, and attorneys' fees. On December 14, 2007, the four named defendants removed the case to this court, and, on December 19, 2007, they moved to dismiss Plaintiff's complaint or, in the alternative, for a more definite statement. The defendants argued in that motion that Plaintiff's complaint did not differentiate between the four defendants and that none of the named defendants operated the Guthrie's on Montclair Road. On February 13, 2008, the court dismissed all Plaintiff's claims because he did not adequately allege <u>facts</u> to support that one or

more of the defendants named in his complaint actually owned, operated, or was otherwise responsible for the alleged FACTA violation. The court granted Plaintiff fifteen days to amend the complaint.

On February 28, 2008, Plaintiff filed an amended and restated complaint. This time, he named as Defendants four new entities: WKSG, LLC, "the owner of record for the land and building located at 1548 Montclair Road;" WKSG Restaurant Investors, LLC, "the sole member of Defendant WKSG, LLC;" Guthrie's Montclair XXV, LLC; and Hal Hudson Guthrie, Jr., "the owner of record of Guthrie's Montclair XXV, LLC." (Amd. Compl. ¶ 2). On March 19, 2008, Defendants Guthrie's Montclair XXV and Hal Hudson Guthrie moved to dismiss the amended complaint for again failing to specify which, if any, of the Defendants is the merchant responsible for Plaintiff's alleged statutory injury. WKSG, LLC and WKSG Restaurant Investors, LLC have not been served with the complaint and summons.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also* Fed. R. Civ. P. 8(a). A plaintiff must provide the grounds of his entitlement, but Rule 8 does not require "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Conley*, 355 U.S. at 47). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S. Ct. at 1969. "[S]tating such a claim requires a complaint with enough factual matter (taken as true) to suggest" the required elements. *Id.* at 1965. The standard is one of

"plausible grounds to infer;" that is, the rule "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Id.*

In evaluating a motion to dismiss, the court assumes that all factual allegations set forth in the complaint are true, *United States v. Gaubert*, 499 U.S. 315, 327 (1991), and construes all factual allegations in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989). To succeed on a motion to dismiss under Rule 12(b)(6), therefore, a defendant must demonstrate that the plaintiff has failed to give sufficient notice of a proper claim and the grounds upon which that claim rests. The proper test is whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (citations and internal citations omitted).

## III. DISCUSSION

Plaintiff's complaint again fails to state <u>any</u> set of facts establishing that the named Defendants, separately or severally, willfully violated FACTA and contributed to Plaintiff's injury. Instead, as Defendants point out, Plaintiff once again simply lumps all four named Defendants together as one and alleges that they violated FACTA by printing an expiration date on his receipt. He makes no <u>factual</u> allegation -- as opposed to legal conclusion -- concerning which, if any, particular Defendant was responsible for the violation at issue -- the Montclair Guthrie's alleged noncompliance with FACTA. Again, the court cannot conclude that the Plaintiff has standing to sue any or all of the named Defendants because he has not stated a set of facts indicating that one or more of the Defendants was the merchant -- *i.e.*, the "person that accepts credit cards or debit cards" -- responsible for the Montclair Guthrie's noncompliance

with FACTA.

Plaintiff again simply lumps all four Defendants together, presumably in an attempt to broaden the putative class beyond only those individuals who visited the Montclair Guthrie's to those individuals that visited any Guthrie's location. The complaint alleges that the four Defendants "own and/or operate Guthrie's stores and franchises at multiple locations in Alabama, including the location at 1548 Montclair Road . . . ." In using such a broad brush stroke, however, Plaintiff has failed to identify the Defendant(s) responsible for his injury and, thus, lacks standing. First, he names WKSG, LLC and WKSG Restaurant Investors, LLC as Defendants. The only connection Plaintiff alleges to the Montclair Guthrie's, however, is that WKSG, LLC is the "owner of record of the land and building" and WKSG Restaurant Investors is the "sole member of WKSG, LLC." The Plaintiff fails to allege any fact indicating that, as owners of the building and land, they have any control over -- or even any knowledge regarding -- the credit and debit card receipts printed by the merchant occupying that building and land.

The name of another Defendant -- Guthrie's Montclair XXV -- implies that it could, in fact, be the operator of the Montclair Guthrie's and, in that capacity, responsible for or cognizant of the alleged FACTA noncompliance. Hal Hudson Guthrie, as owner of Guthrie's Montcliar XXV, could be involved in its operations and also potentially liable. Unfortunately, Plaintiff's amended complaint does not state what role Guthrie's Montclair XXV has in the ownership and/or operation of the Guthrie's on Montclair Road. The complaint simply states that Guthrie's Montclair XXV is an Alabama corporation doing business in Jefferson County, Alabama. As with the WKSG Defendants, the complaint does not contain sufficient factual allegations to indicate that Guthrie's Montclair XXV was responsible for the alleged noncompliance with FACTA at the location on Montclair Road. This court cannot leap the crevasses left by Plaintiff

with unfounded inferences based only on one Defendant's legal name.

Because Plaintiff has once again failed to allege facts supporting that each Defendant could be responsible for his injury, the court will again DISMISS WITHOUT PREJUDICE Plaintiff's claims against all Defendants, including the two WKSG entities, but will give Plaintiff one more opportunity to file an amended and restated complaint that adequately pleads facts to support one or more Defendants' liability for willful FACTA violations at the Guthrie's on Montclair Road.

## IV. CONCLUSION

For the reasons set forth above, the court concludes that Plaintiff's complaint fails to adequately plead a cause of action against each named Defendant, as most recently explained in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). The complaint does not give each named Defendant notice of the allegations against it and does not give this court sufficient information to determine Plaintiff's standing under Article III because the complaint fails to allege facts indicating which Defendant may be responsible for Plaintiff's injury. Consequently, the court will DISMISS WITHOUT PREJUDICE all claims, but will grant Plaintiff leave to file an amended complaint against the proper Defendant(s) within fifteen days. This reprieve is Plaintiff's last opportunity to identify which Defendant(s) may be responsible by alleging facts of each Defendant's role in the FACTA noncompliance. The court will enter a separate order consistent with this memorandum opinion.

DATED this 25th day of March, 2008.

Karon O. Bowdre

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE